UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CALEB NADOLSKI, <br><br> Defendant. | Case No. 4:19-CR-40027-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a motion for copies (Doc. 49). The Defendant filed his motion on January 30, 2024. Nadolski asks for a copy of the docket sheet, plea agreement, and sentencing transcript to collaterally attack his conviction. The Court **DENIES** the motion.

As a general rule, the District Clerk will mail paper copies of any document to a party only upon prepayment of the required fee. According to 28 U.S.C. 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States." The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.

Defendants have no constitutional right to a complimentary copy of any document in their court files. *See United States v. Groce*, 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993). Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the

prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14. These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense.

A defendant has a right to a free transcript under limited circumstances. This right is dependent upon: (1) whether the defendant can establish that she is indigent, and (2) whether the transcript is needed to decide an issue presented by a pending and non-frivolous action. *See* 28 U.S.C. § 753(f). These requirements do not violate the Constitution. *See United States v. MacCollom*, 426 U.S. 317 (1976) (court's decision not to grant indigent federal prisoner unconditional right to obtain trial transcript for § 2255 proceeding does not violate due process or equal protection); *Lampley v. McBride*, 207 F. App'x 649, 651 (7th Cir. 2006) (court not required to provide transcript at public expense if proceeding is frivolous).

While Nadolski has asked for a copy of these documents for a § 2255, he has not presented evidence that he has exhausted all means to obtain these documents, is indigent, nor that they are necessary for a non-frivolous action.

Likewise, Nadolski has not made the showing this Court requires before it will order a transcript to be prepared for him at the public's expense. As already stated, he has failed to provide sufficient evidence that he is indigent and cannot pay for the transcript he requests. He has submitted no documentation of the current status of his finances. Therefore, he has failed to satisfy the requirements for a free transcript.

**CONCLUSION**

The Court **DENIES** the motion for copies. Given Nadolski has indicated he would like to file a § 2255, the Clerk's Office is **DIRECTED** to mail a copy of the § 2255 forms with this order.

**IT IS SO ORDERED.**
**DATED:  February 8, 2024**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**