IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

         v.

CALEB W. NADOLSKI,

     Defendant.

Case No. 19-cr-40027-JPG-1

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Caleb W. Nadolski's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 51).   Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 56).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has responded to counsel's motion indicating no objection to counsel's withdrawal and agreeing that the defendant is not eligible for a reduction (Doc. 57).   The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

The defendant pled guilty to three counts of distributing methamphetamine.   At sentencing, the Court found the defendant's relevant conduct was approximately 1.06 kilograms of methamphetamine ice, which under U.S.S.G.[1] § 2D1.1 yielded a base offense level of 34. The Court increased his offense level by 2 points under U.S.S.G. § 2D1.1(b)(12) because the defendant maintained a premises for drug activity, bringing his adjusted offense level up to 36. The Court further found that Nadolski was a career offender, where his offense level would have

---

[1] Unless otherwise noted, references to the U.S.S.G. in this order are to the 2018 version.

been 34, *see* U.S.S.G. § 4B1.1(b)(2), but since that was lower than his adjusted offense level under U.S.S.G. § 2D1.1, the higher adjusted offense level of 36 was used.   *See* U.S.S.G. § 4B1.1(b).   With other adjustments for acceptance of responsibility and for a downward departure, his total offense level landed at 29.

The defendant had accumulated 10 criminal history points, 2 of which were assessed because he was under a criminal sentence when he committed the offenses of conviction ("status points").   *See* PSR ¶¶ 47-49.   However, because he was a career offender, his criminal history category was automatically established as VI.   U.S.S.G. § 4B1.1(b); *see* PSR ¶ 50.   In combination with his total offense level of 29, this yielded a guideline sentencing range of 151 to 188 months in prison.   The Court imposed a sentence of 180 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.   Specifically, Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) (2023) and concerns criminal history status points.   For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[2]   Amendment 821 is retroactive.   *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."   In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the

---

[2] Part B of Amendment 821 concerns defendants with no criminal history points.   This does not apply to the defendant because he was assessed criminal history points.

2

Sentencing Commission."   18 U.S.C. § 3582(c)(2).   Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:   (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c)(2).   It is true that Part A of Amendment 821 reduced the defendant's criminal history points under U.S.S.G. § 4A1.1 from 10 to 9, but he still falls within criminal history VI because he was a career offender, which automatically results in a criminal history category of VI regardless of criminal history points.   *See* U.S.S.G. § 4B1.1(b).   Thus, Amendment 821 did not result in a lower criminal history category, so it did not lower the defendant's sentencing range.

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 56) and **DENIES** Nadolski's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 51).   FPD Kim C. Freter is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   August 13, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**